IN THE
**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

ALFONZO D. HILL,
    Plaintiff,

v.

CITY OF PEORIA et al,
    Defendant.

Case No. 1:25-cv-01063-JEH-RLH

**Order**

Now before the Court is the Defendants' Motions to Dismiss (D. 19), (D. 33), and (D. 35).[1] For the reasons set forth *infra*, the Motions to Dismiss (D. 19, D. 33, & D. 35), are granted, and the Plaintiff shall have leave to amend his Complaint within twenty-one days if he believes he can state a claim in accordance with this Order. Failure to amend within the time allotted may result in the Court directing the Clerk to close this case.

**I**

The Plaintiff, *pro se*, commenced this cause of action on February 14, 2025. (D .1). The Court struck the original Complaint for failing to comply with Civil Local Rule 5.1 on March 24, 2025. *See* 03/24/2025 Text Order. The Plaintiff filed his Amended Complaint on April 7, 2025. (D. 8). On July 8, 2025, the Defendants Jodi Hoos and Peoria County ("County Defendants") filed a Motion to Dismiss. (D. 19). On July 31, 2025, the Defendants City of Peoria, Jacob Bradford, Terry Brian, Andrea Burt, Christina Chavez, Eric Echevarria, Megan Houghton, Brett Lawrence, Matthew Macilan, Robert McMillen, Johnston Michael, John E Peterson,

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

and Michael Toren filed a Motion to Dismiss ("City Defendants"). (D. 33). On August 5, 2025, the Defendants Economic Auto Body Inc., and Greg Riley filed a Motion to Dismiss ("Auto Body Defendants"). (D. 35). The Plaintiff filed his opposition to those Motions, respectively, on August 9, 2025, (D. 37), August 13, 2025, (D. 38), and August 16, 2025 (D. 39), and the matter is now fully briefed.

## II

According to the Complaint, Plaintiff had an emergency order of protection against him that was sought by his children's mother and granted on November 20, 2023. (D. 8 at ECF p. 4). The following day, he alleges that his children's mother came to Peoria, IL, to get him "in trouble" because of a prior dispute he had with her boyfriend in which the Plaintiff alleges a gun was pulled on him and pointed in his face; Plaintiff alleges that his children's mother reported it to the police department. *Id.* While the Plaintiff was in Peoria, he alleges that his children's mother called Officer Rogers and falsely told him that Plaintiff had been served with the order of protection the day before. *Id.* Plaintiff states that Officer Rogers could not find evidence of that service and that he made a false report that he had been served. *Id.* at ECF p. 5.

On what appears to be the same day, November 21, 2023, Plaintiff states that his children's mom "watched a live video" of him and "came to the area" she saw him at from the "live video." *Id.* Then, when Plaintiff left the gas station in East Peoria, Plaintiff alleges he was unlawfully pulled over by Officer Houghton and Bradford, who allegedly forced Plaintiff out of his car at gunpoint and put him in handcuffs illegally. *Id.* at ECF p. 5-6. Plaintiff states that he asked to call someone so that his car would not be towed. *Id.* Plaintiff states he was placed in the back of the squad car and that, with eight officers on the scene, his car was illegally searched and his phones illegally seized without probable cause and without a warrant in violation of his rights under the Fourth, Fifth, and Fourteenth

2

Amendments. *Id.* at ECF p. 6. Plaintiff states he was later interviewed and told he was being charged with violating the order of protection for coming within three hundred feet of his children's mother. *Id.* at ECF p. 7. Plaintiff alleges the officers then searched the "LEADS" database and could not find the order of protection or the date that it was served,[2] but that his car was still illegally towed and impounded by the Auto Body Defendants. *Id.* at ECF p. 7. The Plaintiff alleges the charges against him were later changed from violating the order of protection for coming within a certain amount of feet, to communicating with his children's mother, and that he was also charged with stalking and aggravated stalking. (D. 8-1 at ECF p. 2). Plaintiff further alleges that an unknown State's Attorney filed an illegal search warrant and lied to the grand jury about evidence against him. *Id.* at ECF p. 3. As a result, Plaintiff alleges he was indicted for aggravated stalking and stalking and that he was later found guilty of violating the order of protection. *Id.* at ECF p. 4-5. He states that on March 6, 2024, he was released from custody, and filed complaints with the police department alleging the evidence was falsified and used for felony charges against him. *Id.* Lastly, Plaintiff alleges he took numerous and unsuccessful steps to retrieve his impounded car, but that it had been illegally transferred to Defendant Riley in violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments. *Id.* at ECF p. 5-7. In response to these allegations, the Plaintiff filed this Complaint alleging seven causes of action that respectively include, false arrest, "unconstitutional taking without compensation", "unconstitutional initial seizure under the Fourth and Fourteenth Amendment", "procedure due process-pre-deprivation under the Fourteenth Amendment," civil conspiracy, "willful and wanton conduct", and

---

[2] Plaintiff later states that Defendant Houghton ran the Plaintiff's name through the LEADS database and that it came back with information confirming that he was served with the order of protection the day before. (D. 8-1 at ECF p. 1).

"indemnification Plaintiff against Peoria County and City of Peoria". (D 8-1 at ECF p. 7, D. 8-2 at ECF p. 1-7, D. 8-3 at ECF p. 1-7).

### III

Federal Rule of Civil Procedure 12(b)(6) governs whether a complaint fails to state a claim. FED. R. CIV. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief". FED. R. CIV. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)). Similarly, a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Id.* The Court is to draw all reasonable inferences in favor of the non-movant, but the Court "need not accept as true any legal assertions or recital of the elements of a cause of action 'supported by mere conclusory statements.'" *Vesely v. Armslist LLC*, 762 F.3d 661, 665-66 (7th Cir. 2014) (quoting *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013)).

Even construing the Plaintiff's Complaint liberally as the Court must given his *pro se* status, the Plaintiff fails to state a viable claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal

4

pleadings drafted by lawyers"). That is because the Plaintiff's claims do not qualify as "short and plain statement[s]" showing that he "is entitled to relief". *See* FED. R. CIV. P. 8(a)(2). "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Davis v. Anderson*, 718 F. App'x 420, 424 (7th Cir. 2017). In this case, all of the Defendants appear to take issue with the form and substance of the Plaintiff's pleading. For example, the County Defendants take issue with its legibility and coherency, (D. 19 at ECF p. 2-3), and assert that the Complaint falls well below the short and plain statement rule, the "few allegations against the County Defendants are, at best, vague and conclusory." *Id.* Similarly, the City Defendants complain that the Complaint is "lengthy, handwritten, and at many points difficult to understand, but it appears to allege a vast array of violations of his constitutional rights . . .."[3] (D. 33 at ECF p. 1). Furthermore, the Auto Body Defendants note that the "Plaintiff's pleading is difficult to parse . . . lengthy and meandering" with "few facts that are included that would explain to the reader how a given defendant has violated Plaintiff's rights". (D. 35 at ECF p. 2). The Court agrees. "The dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). That is because such "a complaint fails to give the defendant the notice to which he is entitled." *Id.* Here, aside from the background facts that the Court previously recited and struggled itself to discern, the causes of action contain even less factual development and are even more difficult to follow, often failing to include any dates, identify defendants, or provide any further factual enhancement beyond mere conclusory statements to explain how the Plaintiff's rights were violated. (D. 8-1 at ECF p. 7 & D. 8-2 at ECF p. 1-7). That will not do. *Ashcroft*, 556 U.S. at 678.

---

[3] More accurately, Plaintiff's Complaint is made up of pictures of handwritten documents that are barely legible.

5

Therefore, the Court grants the Defendants' Motions to Dismiss (D. 19, 33, & 35) because the Complaint does not qualify as a short and plain statement under Rule 8(a).[4]

## IV

For the reasons set forth *supra*, the Plaintiff's Complaint (D. 8) is dismissed without prejudice. The Plaintiff shall have leave to amend within twenty-one days in accordance with this Order if he believes he can state a claim. Failure to amend within the time allotted may result in the Court directing the Clerk to close this case.

*It is so ordered.*

Entered on September 16, 2025

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE

---

[4] The Court previously struck the Plaintiff's original Complaint for failing to comply with Civil Local Rule 5.1. *See* 03/24/2025 Text Order. The Court also struck the Plaintiff's Response to the County Defendants' Motion to Dismiss (D. 30) for the same problems. *See* 07/28/2025 Text Order. With respect to the Amended Complaint, its compliance with Civil Local Rule 5.1 is dubious. Therefore, moving forward, the Plaintiff is warned that further failures to comply with the Court's Civil Local Rules, including those governing the format of filings, minimum legibility requirements, and the prohibition on erasures and other rules, will be strictly enforced. *See* Civil LR 5.1; *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002) ("But, we have emphasized the importance of local rules and 'have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules . . ..'"). Photographs of handwritten documents will be struck. *See id.*